## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Connie Denice Watson,

<table>
<tr><td></td><td>Plaintiff,</td><td>Case No. 25-11872</td></tr>
<tr><td>v.</td><td></td><td>Judith E. Levy<br>United States District Judge</td></tr>
<tr><td>A.J. Khubani, <i>et al.</i>,</td><td></td><td></td></tr>
<tr><td></td><td>Defendants.</td><td>Mag. Judge Anthony P. Patti</td></tr>
</table>

_____/

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE AND WARNING PLAINTIFF TO REFRAIN FROM <u>DUPLICATIVE OR FRIVOLOUS FILINGS</u>

On June 23, 2025, *pro se* Plaintiff Connie Denice Watson filed a 170-page complaint against Defendants Donna Ramere, Kendra Glenn, Alexis Glenn, Kendall Harter, Joshua Malone, A.J. Khubani, and Wayne Sikorcin. (ECF No. 1, PageID.22–24.) Plaintiff claims she is a "Toy Inventor of Devices of Filling Balloons with Water and Tying a Knot of a Water Balloon and Tying a Knot of a Self Sealing Knot of Water Balloons Toy Set Kit of Making Water Ballons." (*Id.* at PageID.22.) She alleges that Defendants stole her idea for that invention. (*See id.* at PageID.2 ("Defendant A.J. Khubani, did a Scheme

of Scamming of a Crime of Identity Theft of Fraud of a Criminal of a Federal Crime of Fraud of Identity Theft of a United State Patent of a Claim of Plaintiff Invention of Devices of Filling Balloons with Water and Tying a Knot of a Water Balloon and Tying a Knot of a Self Sealing Knot of Water Balloons of Making Water Balloons of a Toy Set Kit.").) The relief requested is "Punitive Damages of The Amount of One Hundred and Fifty Billion Dollars or The Value of Present Date of Year of a Claim of Value of Plaintiff Invention," as well as "Order a Relief of a Federal Crime of Fraud of Identity Theft." (*Id.* at PageID.43.)

Plaintiff proceeds without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF Nos. 2, 4.) Because Plaintiff has been granted permission to proceed without prepayment of the filing fee, the Court must screen her complaint to determine if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## I.   Litigation History

This is not the first time Plaintiff has filed suit against these same Defendants with significantly similar or identical allegations regarding an alleged water balloon invention.

On August 7, 2024, Plaintiff filed a 41-page complaint against the Defendants in this case, as well as "Jame E. White" and Martin Sovis, with the same allegations of her idea being stolen. (*Watson v. Sovis*, Case No. 24-cv-12066, ECF No. 1, PageID.1 (E.D. Mich. Aug. 7, 2024).) The Court ordered Plaintiff to show cause why the case should not be dismissed pursuant to 28 U.S.C. § 1915(e) because Plaintiff's allegations were insufficient to show that subject matter jurisdiction exists, and because her complaint did not comply with Federal Rule of Civil Procedure 8(a). (*Id.*, ECF No. 7 (E.D. Mich. Oct. 2, 2024).) In response, Plaintiff filed a 45-page second amended complaint. (*Id.*, ECF No. 9 (E.D. Mich. Nov. 5, 2024).) However, the Court dismissed the case without prejudice because the same deficiencies identified in the order to show cause remained in her second amended complaint. *Watson v. Sovis*, No. 24-12066, 2024 WL 4713834 (E.D. Mich. Nov. 7, 2024).

Next, on December 10, 2024, Plaintiff filed a 54-page complaint against the Defendants in this case, as well as "Jame E. White" and Martin Sovis, with the same allegations. (*Watson v. Ramere*, Case No. 24-cv-13275, ECF No. 1, PageID.1 (E.D. Mich. Dec. 10, 2024).) The Court dismissed the case without prejudice on January 9, 2024, because

3

this complaint also did not conform with Federal Rule of Civil Procedure 8(a)(2). *Watson v. Ramere*, No. 24-CV-13275, 2025 WL 62236, at *1 (E.D. Mich. Jan. 9, 2025) ("Watson's vague references to an alleged theft of her invention are insufficient to state a claim upon which relief may be granted.").

Plaintiff initiated a third case on February 18, 2025. In this 130-page complaint, Plaintiff alleged identical facts against the Defendants in this case, as well as "Jame E. White" and Martin Sovis. (*Watson v. Ramere*, Case No. 25-cv-10467, ECF No. 1, PageID.1 (E.D. Mich. Feb. 18, 2025).) The Court dismissed the case without prejudice on April 30, 2025, because her complaint did not conform with Federal Rule of Civil Procedure 8(a)(2) and her allegations were insufficient to show that subject matter jurisdiction exists. *Watson v. Ramere*, No. 25-CV-10467, 2025 WL 1261015, at *2–3 (E.D. Mich. Apr. 30, 2025).

On June 23, 2025, Plaintiff initiated seven new cases in the Eastern District of Michigan:

- *Watson v. Ramere*, 25-cv-11869
- *Watson v. Glenn*, 25-cv-11870
- *Watson v. Glenn*, 25-cv-11871

- *Watson v. Khubani*, 25-cv-11872

- *Watson v. Sikorcin*, 25-cv-11873

- *Watson v. Harter*, 25-cv-11874

- *Watson v. Malone*, 25-cv-11875

All of these complaints involve the same allegations as the previous three cases: that Defendants allegedly stole her invention related to water balloons.

## II.   Analysis

Plaintiff's complaint must be dismissed for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). "A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

5

U.S. 544, 555 (2007). "[D]etailed factual allegations" are not necessary, but the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

First, it appears that Plaintiff brings suit pursuant to 18 U.S.C. § 1001, 18 U.S.C. § 287, "U.S.C. 1028," and 18 U.S.C. § 1831. (*See* ECF No. 1, PageID.25–26, 29–34.) 18 U.S.C. §§ 1001 and 287 are federal criminal statutes that prohibits false or fraudulent statements to the United States government. Assuming that Plaintiff intends to cite 18 U.S.C. § 1028, it is a federal criminal statute that prohibits fraud

connected to "identification documents, authentication features, and information." Finally, 18 U.S.C. § 1831 is a federal criminal statute that prohibits economic espionage to benefit a foreign government, instrumentality, or agent.

"Absent a private right of action, a plaintiff cannot recover civilly for violation of a federal criminal statute." *Johanan v. Broaden*, No. 1:24 CV 277, 2024 WL 3904010, at *1 (N.D. Ohio Aug. 22, 2024). 18 U.S.C. §§ 1001, 287, and 1028 do not have private causes of action. *See Setzer v. First Choice Lending Servs., LLC*, No. 18-5192, 2018 WL 7500477, at *3 (6th Cir. Sept. 10, 2018) ("18 U.S.C. § 1001 is a criminal statute that does not provide a private cause of action."); *Wieland v. Germantown Fire Dep't*, No. 2:22-CV-02651-TLP-CGC, 2023 WL 4907923, at *3 (W.D. Tenn. Aug. 1, 2023) (stating the plaintiff cannot bring suit pursuant to 18 U.S.C. § 287 because it does not provide a private right of action); *Sowell v. Huntington Bank*, No. 2:25-CV-595, 2025 WL 1568170, at *2 (S.D. Ohio June 3, 2025) (holding that 18 U.S.C. § 1028 does not provide a private cause of action).

As such, Plaintiff cannot bring a civil suit for violations of 18 U.S.C. §§ 1001, 287, and 1028. Only the government may bring a

criminal case in the absence of a private cause of action. *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Although 18 U.S.C. § 1831 itself does not enumerate a private right of action, a private citizen may bring suit for a violation of 18 U.S.C. § 1831. *See* 18 U.S.C. § 1836(b). However, Plaintiff's claim related to 18 U.S.C. § 1831 remains insufficient and frivolous because there is no allegation that any of the alleged conduct benefited "any foreign government, foreign instrumentality, or foreign agent." 18 U.S.C. § 1831(a).

In addition, Plaintiff's complaint must be dismissed because her complaint does not comply with Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) states that a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Her complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For example, Plaintiff's complaint does not describe "how each of the [] defendants were individually involved in or contributed to any alleged scheme or theft." *Watson v. Ramere*, 2025 WL 1261015, at *3; *see also Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (stating a complaint "violates Rule 8(a)(2)'s requirement that a plaintiff provide the defendants adequate notice of the claims against them and the grounds upon which each claim rests" when it fails "to connect specific facts or events with the various causes of action" asserted).

Additionally, Plaintiff's complaint is long, unorganized, repetitive, and difficult to comprehend. Rule 8(a)(2) requires "a short and plain statement of the claim." Similarly, Rule 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." A rough wordcount of Plaintiff's complaint, excluding exhibits and other attachments, places it at over 20,000 words and 47 pages, single spaced. Although Plaintiff has been warned three times that her complaints violate Rule 8(a), her complaints have not increased in clarity. Without such clarity, the Court is unable to conclude that the complaint adequately puts

Defendants on notice of the claims against them and, as such, the complaint is not viable. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002) ("Rule 8(a)'s express language [] requires simply that the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

Plaintiff has been warned numerous times that her complaints are insufficient to state a claim and violate Rule 8(a)(2). *See Watson v. Sovis*, 2024 WL 4713834; *Watson v. Ramere*, 2025 WL 1261015, at *3; *Watson v. Ramere*, 2025 WL 62236, at *1. However, Plaintiff continues to file deficient complaints and, on June 23, 2025, filed essentially the same complaint seven times.

The Court understands that Plaintiff is not represented by counsel and does not appear to be acting in bad faith. However, her repetitive filings—specifically, filing seven substantially-similar complaints against the same Defendants on a single day—are not acceptable.

"Every paper filed with the Clerk of . . . Court, no matter how repetitive or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."

*Duneske v. Nerswick*, No. 2:24-CV-11390-TGB-KGA, 2024 WL 5443159, at *6 (E.D. Mich. Nov. 20, 2024) (quoting *Miller v. Mt. Eaton Police Dep't*, Case No. 5:19-CV-2618, 2020 WL 1332016, at *2 (N.D. Ohio Mar. 23, 2020)). "The filing of frivolous lawsuits and motions strains an already burdened federal judiciary." *Viola v. Cuyahoga Cnty. Land Bank*, No. 1:21 CV 1196, 2021 WL 5015486, at *9 (N.D. Ohio Oct. 28, 2021), *aff'd sub nom. Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139, 2023 WL 3725063 (6th Cir. Feb. 15, 2023). "Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitive and frivolous filings." *Id.* (citing *In re Sindram*, 498 U.S. 177, 179–80 (1991)).

Plaintiff is warned that she may not continue filing duplicative, repetitive complaints that violate Federal Rule of Civil Procedure 8. If she continues to do so, she may be restricted from filing any new complaints in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of the Court. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: July 9, 2025                          s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                                      United States District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2025.

                                                      s/William Barkholz
                                                      WILLIAM BARKHOLZ
                                                      Case Manager